974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Walter PATTERSON, Plaintiff-Appellant,
v.
Jerry D. GILMORE, et al., Defendants-Appellees.
 No. 91-1145.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1992.*
Decided Aug. 27, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Walter Patterson, an inmate at the Pontiac Correctional Center, appeals pro se the district court's dismissal of his complaint pursuant to Fed.R.Civ.P. 12(b)(6). In this civil rights action under 42 U.S.C. § 1983, Patterson alleged that his Fourteenth Amendment due process rights were violated in disciplinary proceedings as well as in a subsequent transfer, and that the conditions of his confinement violated the Eighth Amendment.
 
 
 2
 On appeal, Patterson suggests that the district court should have considered this cause a matter for summary judgment. Appellant's Brief, filed June 26, 1991, at 4. We disagree. When "matters outside the pleading are presented to and not excluded by the court, the motion [brought under Rule 12(b)(6) ] shall be treated as one for summary judgment and disposed of as provided in Rule 56....' " Fed.R.Civ.P. 12(b); see also R.J.R. Services, Inc. v. Aetna Casualty and Surety Co., 895 F.2d 279, 281 (7th Cir.1989). The prison Adjustment Committee summaries and the decision of the Administrative Review Board--which Patterson attached to his amended complaint--do not qualify as "matters outside the pleading." Rather, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.' " Moran v. London Records, Ltd., 827 F.2d 180, 181 (7th Cir.1987) (quoting Fed.R.Civ.P. 10(c)). Accordingly, the district court's consideration of the documents Patterson attached to his amended complaint did not require conversion of the motion to dismiss to one for summary judgment.
 
 
 3
 Patterson's main argument is that the district court erred in dismissing his complaint. Our review of the record and briefs leads us to conclude that Chief Judge Mihm properly determined that the complaint failed to state a claim upon which relief could be granted.
 
 
 4
 With respect to Patterson's claim that he was deprived of recreational privileges, we add to the district court order that his confinement in the segregation unit lasted briefly--certainly not more than two months. "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988) (confinement in segregation unit for four weeks). Significantly, Patterson complains that he was denied recreation, not that he was prevented from exercising. In Harris, we observed that an inmate confined to the segregation unit retained the ability to move freely through the unit, where he could improvise an exercise regimen. Id. at 1236. We agree with the district court's conclusion that on this issue Patterson failed to state a cause of action under § 1983.
 
 
 5
 Accordingly, we AFFIRM the decision of the district court, essentially for the reasons stated in the attached order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 6
 Walter Patterson, Plaintiff,
 
 
 7
 v
 
 
 8
 Kenneth McGinnis, Defendant.
 
 No. 90-1164
 
 9
 Dec. 18, 1990.
 
 ORDER
 
 10
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, various correctional officials, violated his constitutional rights. More specifically, the plaintiff alleges that the defendants violated his right to due process in disciplinary proceedings and in a subsequent transfer; he also challenges the conditions of his confinement. This matter is before the court for consideration of the defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion will be allowed.
 
 
 11
 It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Company, 644 F.2d 1204 (7th Cir.1980). They can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521. When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true. See LaSalle National Bank of Chicago v. County of DuPage, 777 F.2d 377, 379 (7th Cir.1985), cert. denied, 476 U.S. 1170 (1986). Dismissal should be sparingly used whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. Tarkowski, 644 F.2d at 1207, quoting Littleton v. Berbling, 468 F.2d 389 (7th Cir.1972).
 
 
 12
 The amended complaint alleges the following facts: On February 9, 1990, the plaintiff received a disciplinary report at the Hill Correctional Center. The report charged the plaintiff with assault and aiding and abetting. The charges stemmed from the alleged attack of another inmate which had occurred on October 17, 1989. The plaintiff claims that he is able to prove that he was not involved in the assault, but that he was not allowed to take a polygraph test. The plaintiff further contends that the four-month delay in charging him constituted a denial of due process, because prison officials were aware of the attack in October, 1989.
 
 
 13
 The plaintiff also challenges his transfer to a maximum security institution, which was a consequence of the disciplinary proceedings. Additionally, he complains that his cell in the segregation unit had no running water and was infested with rodents and vermin, and that he was denied recreation privileges until he was transferred to the Pontiac Correctional Center. Even accepting the plaintiff's allegations as true, the amended complaint is without constitutional merit.
 
 
 14
 The court finds that the amended complaint states no colorable constitutional claim against any of the defendants. With respect to the disciplinary proceedings, the plaintiff was not constitutionally entitled to a polygraph test. Likewise, the defendants' four-month delay in charging the plaintiff did not implicate the Fourteenth Amendment. Also, the record contains sufficient justification to support the Adjustment Committee's finding of guilt. The plaintiff's subsequent transfer did not violate the Constitution, because the plaintiff had no protected interest in remaining at the Hill Correctional Center. Finally, the conditions of confinement in the segregation unit did not rise to the level of an Eighth Amendment violation.
 
 
 15
 Patterson's constitutional rights were not violated by the denial of a polygraph test. In prison disciplinary proceedings, an inmate is entitled to (a) receive advance written notice of the charges against him; (b) request witnesses and present documentary evidence in his defense (subject to the discretion of correctional officials); and (c) receive a written statement of the reasons for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Prison officials are not necessarily required to investigate disciplinary charges prior to a hearing. Woodall v. Partilla, 581 F.Supp. 1066, 1074 (N.D.Ill.1984), relying on Wolff, supra. Although polygraph tests are admissible in disciplinary proceedings, see Lenea v. Lane, 882 F.2d 1171, 1174 (7th Cir.1989), the plaintiff had no constitutional right to be tested. U.S. ex rel. Wilson v. DeRobertis, 508 F.Supp. 360, 362 (N.D.Ill.1981).
 
 
 16
 Here, the plaintiff received all the procedural safeguards mandated by the Constitution. The plaintiff received a copy of the disciplinary report stating the charges against him in advance of the hearing. The plaintiff appeared before the Adjustment Committee (and, in fact, was granted a continuance for further investigation). One witness was allowed to appear on his behalf. Finally, the plaintiff received the Adjustment Committee summary stating its reasons for finding the plaintiff guilty of assault and conspiracy.
 
 
 17
 The plaintiff's argument that there was an inadequate statement of the reasons for finding him guilty is without merit. It is important to note that this court does not sit in review of the correctness of the prison's disciplinary decisions. The plaintiff can only prevail on his Fourteenth Amendment claim if the procedures used to arrive at that sanction do not comport with due process. There is sufficient basis for a reviewing court to approve the disciplinary board's decision if "some evidence" supports the decision made by the board. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985); Hanrahan, 747 F.2d at 1141. Here, the record is satisfactory.
 
 
 18
 The Adjustment Committee's February 27, 1990, report recorded the following proceedings:
 
 
 19
 The committee read charges 102 and 601. This report is continued from 2-13-90. Inmate pleads not guilty. Inmate states the person who beat him up knows who beat him up. Inmate states that he did not do nothing to the other inmate. Inmate states that he was not in the unit when the assault took place. Inmate states that he was in school when the assault took place.
 
 
 20
 The summary also noted the testimony of the following witnesses:
 
 
 21
 Lt. West, Internal Affairs report; Inmate Greenlee # N63784--stated he recalled the day of the alleged incident & recalled that he & Patterson N13349 were upstairs on R1 Wing's upper level talking from App. 11:30A to 12:30P (Count Time). Greenlee however was unaware of what time the assault took place on the other inmate.
 
 
 22
 After reviewing the available information, the Committee found the plaintiff guilty of the offenses charged. Their stated reasons for the decision were as follows:
 
 
 23
 Committee finds inmate guilty based on Lieutenant West of Internal Affairs officer's written report and investigation that Inmate Patterson, Inmate Davis, A-64234, Inmate Ross, N-50444, entered R1 D26, struck Inmate Goosby, N-97640. Inmate Patterson while Inmate Goosby fell to the floor started kicking Inmate Goosby, causing injury to Inmate Goosby. Inmate Ross, N-50444, Inmate Patterson, Inmate Davis, A-64234, were all positively identified through Lieutenant West's investigation as the inmate who struck Inmate Goosby.
 
 
 24
 The plaintiff argues that the Committee ignored exonerating evidence and found him guilty based solely on the investigative report. However, contrary to Patterson's assertion, the Committee stated its reasons for rejecting the testimony of the plaintiff and his witness.
 
 
 25
 First, there appears to be an inherent conflict between the statements of the plaintiff and his own witness: the plaintiff claimed that he was in school; his witness stated that they were talking on the R1 D wing (where the assault had occurred). In any case, the Committee rejected the witness's alibi because he did not know when the assault had occurred and thus could not have verified that the plaintiff was with him at the time. The Committee refused to accept the plaintiff's denial of involvement in the assault because of the positive identification.[1] The record reflects sufficient evidence for a finding of guilt, and the Committee's written summary satisfied due process.
 
 
 26
 Finally, the plaintiff asserts that the prison's failure to charge him within eight days after the assault amounted to a due process violation. Illinois Administrative Code, Title 20, Section 504.80(a) (1988) reads in relevant part: "The Adjustment Committee shall be convened within eight calendar days after the commission of the offense or its discovery...." The court rejects the plaintiff's argument that his constitutional rights were violated by prison officials' four month delay in initiating disciplinary proceedings.
 
 
 27
 The disciplinary report specifically states that "as a result of an investigation conducted and information received on February 5, 1990 [the plaintiff is charged with aiding and abetting an assault]." The plaintiff received the disciplinary report on February 9, 1990, and his initial hearing was held on February 13, 1990, both within the Administrative Code's time limits. While prison officials had been, of course, aware of inmate Goosby's assault and hospitalization the previous October, the "discovery of the offense" must logically refer to the discovery of an inmate's commission of the offense. Were prison officials required to charge inmates within eight days of every incident, the prison would be unable to fully and carefully investigate such matters.
 
 
 28
 In any event, a violation of Section 504.80(a) in and of itself does not amount to a constitutional violation. The requirements of due process outlined in Wolff, supra, do not impose an eight-day limit on charging and trying inmates on prison disciplinary infractions. See Carter v. Fairman, 675 F.Supp. 449, 451 (N.D.Ill.1987); Caruth v. Pinkney, 683 F.2d 1044, 1052 (7th Cir.1982) (per curiam), cert. denied, 459 U.S. 1214 (1983). As discussed in preceding paragraphs, there is no evidence in the case at bar that the disciplinary proceedings did not fairly and rationally satisfy the concept of due process. Prison officials' delay in initiating disciplinary proceedings for four months did not deprive the plaintiff of due process.
 
 
 29
 Because the court finds that the disciplinary proceedings did not violate the plaintiff's constitutional rights, the court must also find that his subsequent transfer was also lawful. Inmates have no liberty interest in remaining in a particular institution. They may be transferred for any constitutionally permissible reason or for no reason at all. Meachum v. Fano, 427 U.S. 215, 225 (1976); Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir.1982). The plaintiff's transfer to a maximum security prison as a result of valid disciplinary proceedings does not state a constitutional claim.
 
 
 30
 The plaintiff's allegations concerning the conditions of confinement in the segregation unit are also without constitutional merit. The Eighth Amendment prohibits prison conditions which cause "the unnecessary and wanton infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). A prisoner's inconvenience and discomfort, however, both fall outside the Eighth Amendment. Caldwell v. Miller, 790 F.2d 589, 600-01 (7th Cir.1986). The Seventh Circuit Court of Appeals has repeatedly held that temporary conditions such as those the plaintiff complains of here do not amount to the subjection of "cruel and unusual punishment." See, for example, Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir.1988) (confinement in a "filthy, roach-infested" cell without articles of hygiene for five to ten days did not violate the Eighth Amendment); see also Bono v. Saxbe, 620 F.2d 609, 613 (7th Cir.1980) (generally harsher conditions in segregation unit do not violate the Eighth Amendment).
 
 
 31
 Although the plaintiff may have experienced temporary unpleasantness staying in the cell pending his transfer to Pontiac Correctional Center, he alleges no physical harm as a result of his confinement or as a result of the brief denial of recreational privileges. The plaintiff's placement in the harsher confines of the segregation unit does not state a cause of action under 42 U.S.C. § 1983.
 
 
 32
 In conclusion, the court finds that, even accepting the plaintiff's allegations as true, his amended complaint fails to state a claim as a matter of law. The disciplinary proceedings in question afforded the plaintiff all procedural protections required by the Constitution: he was not entitled to a polygraph examination, and the written summary was adequate. In addition, prison officials' failure to charge him within eight days of his offense did not amount to a denial of due process. The plaintiff's related claims concerning the conditions of the segregation unit and the transfer resulting from the disciplinary findings are equally groundless. Accordingly, the defendants' motion for dismissal will be granted.
 
 
 33
 IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket # 18) is allowed. Cause stricken and case dismissed, with prejudice.
 
 Michael M. Mihm
 
 34
 MICHAEL M. MIHM,
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Although not binding on the court, the court does note that the Administrative Review Board made additional findings (apparently authorizing a polygraph examination) and approved both the disciplinary procedures and the Adjustment Committee's guilt finding